IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NB LOFT VUE, DST, *et al.*, | § | Case No. 21-32292 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**SUPPLEMENTAL DECLARATION OF THOMAS D. BERGHMAN IN SUPPORT OF DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY MUNSCH HARDT KOPF & HARR, P.C. AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

I, Thomas D. Berghman, hereby declare the following and hereby certify, under penalty of perjury pursuant to the laws of the United States and the State of Texas, that it is true and correct to the best of my knowledge and belief.

1. I am over the age of 18 years and am competent and otherwise qualified to make this Supplemental Declaration. I have personal knowledge of the matters stated herein and they are all true and correct to the best of my knowledge.

2. I am executing this Supplemental Declaration in support of the *Debtors' Application for Authority to Retain and Employ Munsch Hardt Kopf & Harr, P.C. as Co-Counsel for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "Application")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by which the Debtors seek to retain and employ the law firm of Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt") to serve as their co-counsel in these chapter 11 cases in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Munsch Hardt, dated July 6, 2021 (the "Engagement Letter").

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

1

**DISINTERESTEDNESS OF MUNSCH HARDT**

3. In preparing this Supplemental Declaration, I have utilized Munsch Hardt's procedures for ensuring compliance with the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals. To determine disinterestedness, Munsch Hardt conducted a computer search of its records, which includes information as to both active and inactive client matters, to determine the existence of any potentially adverse parties. In particular, Munsch Hardt processed the names of the parties-in-interest potentially involved in these Bankruptcy Cases, as set forth in **Schedule 1** attached hereto. Munsch Hardt processed the names of the parties-in-interest through its conflict system to determine the existence of any interests adverse to Munsch Hardt or which would otherwise create a conflict of interest in connection with its engagement in this matter. Based upon my review of the conflict reports, and except as further noted in this Declaration, it is my belief that the shareholders and associates of Munsch Hardt: (a) do not have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys and accountants, other than as disclosed below; (b) do not have any connection with the United States Trustee or any person employed in the Office of the United States Trustee; (iii) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code; and (iv) do not hold or represent any interest adverse to the Debtors' estates.

4. Munsch Hardt discloses the following connections to parties identified on Schedule 1:

    (i)    Waste Connections is a scheduled creditor of debtor NB Loft Vue DST – Waste Connections is a current client of Munsch Hardt on unrelated matters. Less than one percent (1%) of Munsch Hardt revenues are attributable to Waste Connections.

    (ii)    Waste Management is a scheduled creditor of debtor NB Vue Mac DST. Waste management is a current client of Munsch Hardt on unrelated matters. Less than one percent (1%) of Munsch Hardt's revenues are attributable to Waste Management.

5. In addition, each attorney employed by Munsch Hardt was given written notice of Munsch Hardt's potential engagement by the Debtors and all known parties having a material interest adverse to the Debtors, and each such attorney was asked if he or she was aware of any conflicts. The search and notification procedures outlined above demonstrated that Munsch Hardt is not and has not been engaged as counsel on any matter that I believe would disqualify Munsch Hardt from acting as counsel for the Debtors, and it is my belief that Munsch Hardt does not have an interest adverse to the interests of the Debtors and their estates.

6. Due to the diversity of Munsch Hardt's practice areas, Munsch Hardt may have rendered or may now be rendering legal services to certain other creditors of the Debtors or other interested parties, or may have been or may now be involved in projects as to which attorneys or accountants for certain creditors or other interested parties were or are now involved, all unrelated to the Debtors and these bankruptcy cases. Based upon the results of the conflict procedures taken by Munsch Hardt, as described above, none of these matters are related to these bankruptcy cases and none of them, to the best of my knowledge, constitute an interest materially adverse to the Debtors or their estates.

7. As part of their practice, attorneys of Munsch Hardt regularly appear in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent creditors and parties in interest in these bankruptcy cases. Munsch Hardt does not represent any such entities in these bankruptcy cases, nor will it have any relationship with any such entities that would be adverse to the Debtors or their estates in these bankruptcy cases.

8. Based on the foregoing, I believe Munsch Hardt to be disinterested for purposes of section 101(14) of the Bankruptcy Code. To the extent that Munsch Hardt discovers any facts

bearing upon the matters described herein or its representation of the Debtors during the period of its employment by the Debtors in connection with these bankruptcy cases, Munsch Hardt will promptly supplement the information contained in this Declaration to disclose such information.

DECLARED under penalty of perjury this 25th day of August 2021:

                                               */s/ Thomas Berghman*
                                               Thomas D. Berghman, Esq.

## SCHEDULE 1

**PARTIES-IN-INTEREST**
In re: NB LOFT VUE, DST, et al.,

**Debtors**:
NB Loft Vue, DST
NB Vue Mac, DST

**Creditors**
ADT LLC/ADT Security Services
Affordable Quality Electric
Amazon Capital Services, Inc.
American Elevator Inspections
Ana's Extreme Cleaning Services
Answer360 Telecommunications
Apartments.com
AT&T
BG Multifamily
Blue Pine Construction Corp
Blue Pine Construction Corp.
C.K. Painting, Inc.
Century Fire Protection Houston Inc
Century Fire Protection Houston Inc.
City of Houston, Dept of Public Works
Coastal Compaction
Community Controls
Conservice, LLC
Corben D. Washington
Cort Furniture Rental
Digital Ignite LLC
Dixie Carpet Installations, Inc.
Double D Fire, Inc.
Fannie Mae
Fort Worth Pest & Termite Services
G.O. Plumbing Services, Inc.
Gateman, Inc.
GCS Backflow Services, Inc.
Geary, Porter & Donovan, P.C.
Good Guy Flooring
Gradrent, LLC
Granite Telecommunications, LLC
Great American Business Products
Grid
HD Supply Facilities Maintenance
Hico Distributing

Hillhouse Power Solutions, Inc.
Houston Fire & Security
IDN-Acme, Inc.
Inside Out Construction
IRIO, Inc.
Jessica King
JOSO Paint & Upgrades
Junk King
Kirton McConkie
Landscapes USA
Law Offices of Kirk A. Cullimore
Maintenance Supply Headquarters
Mars Carpet Cleaning LLC
Mars Housekeeping, LLC
Mars HVAC Plumbing & Electrical
Mars Resurfacing, LLC
Misty Williams
Morris Elevator Inspections, Inc.
NB Loft Vue, DST
Nelson Brothers Property Management, Inc
Nelson Partners Property Management
Not Just Gates
O'Connor & Associates
Octagon Building Care
PDQ Staffing, Inc
PPG Architectural Coatings
Property Doctor Services LLC
Ready Refresh
Refuse Specialists LLC
Regency Lighting
Reliable Fire Protection
Ricoh USA, Inc.
Ryan, LLC
Scott Electric
Shipman Fire Service, Inc.
Single Digits, Inc.
Spectrum
Staples Advantage
Terminix Commercial
The Electrical Doctor Home Services
The Sherwin-Williams Co.

1

University Sports Publications
Waste Connections Inc
Waste Management
WE Security Inc.
Wilmar (Maintenance USA)
Winstar Marketing

**Office of the United States Trustee**
Alicia Lenae Barcomb
Stephen Douglas Statham
Andrew Jimenez

**United States Bankruptcy Court**
Judge Marvin Isgur

**Insiders/Affiliates**
Patrick Nelson
Brian Nelson
Nelson Brothers Professional Real Estate, LLC

2