IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NB LOFT VUE, DST, *et al.*, | § | Case No. 21-32292 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**ORDER GRANTING DEBTORS' APPLICATION FOR
AUTHORITY TO RETAIN AND EMPLOY MUNSCH HARDT KOPF
& HARR, P.C. AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS
IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

CAME ON FOR CONSIDERATION the *Debtors' Application for Authority to Retain and Employ Munsch Hardt Kopf & Harr, P.C. as Co-Counsel for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "Application")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by which the Debtors seek to retain and employ the law firm of Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt") to serve as their co-counsel in these chapter 11 cases. Having considered the Application, finding that service and notice thereof was sufficient and appropriate, finding that the proposed employment of Munsch Hardt as co-counsel for the Debtors is appropriate and in the best interest of the Debtors' estates and creditors, finding that Munsch Hardt is disinterested, and otherwise finding that the relief requested in the Application is lawful and appropriate, it is hereby:

ORDERED that the Application is APPROVED as modified by this Order; it is further

ORDERED that the Debtors are authorized to retain and employ Munsch Hardt as their co-counsel, effective as of July 6, 2021 as modified by this Order; it is further

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

1

ORDERED that Munsch Hardt shall be compensated for services rendered and for expenses incurred, subject to the Court's interim and final approval and in accordance with the provisions of sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court. For billing purposes, Munsch Hardt shall keep its time in one tenth (1/10) hour increments and make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures. All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format with standard project categories; it is further

ORDERED that notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, Munsch Hardt shall not be entitled to reimbursement for fees and expenses in connection with the defense of any objection to its fees, without further order of the Court; it is further

ORDERED that Munsch Hardt shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Munsch Hardt to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules; it is further

ORDERED that Munsch Hardt shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; it is further

ORDERED that Munsch Hardt shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases; it is further

ORDERED that Munsch Hardt will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Munsch Hardt will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by FED. R. BANKR. P. 2014(a); it is further

ORDERED that to the extent the Application, the Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

ORDERED that this Court shall retain jurisdiction over any and all issues arising from or relating to the implementation and interpretation of this Order.

_____
HON. MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE