IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 21-32292 |
| | § | |
| NB LOFT VUE DST, *et al.* | § | Chapter 11 |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

## FANNIE MAE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PROPERTY OF DEBTOR NB VUE MAC DST

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter on October 8, 2021 at 9:00 a.m. by video participation at GoToMeeting, meeting code: JudgeIsgur, and teleconference at 832-917-1510, conference code: 954554.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Fannie Mae, a creditor and party-in-interest, by and through undersigned counsel, moves this Court pursuant to Section 362(d) of Title 11 of the U.S. Code for relief from the automatic stay so that Fannie Mae may take any and all action necessary to take possession of, and to preserve, protect and foreclose its interest with respect to certain property owned by Debtor NB Vue Mac DST ("Vue Mac"), as set forth in detail below. This Motion is supported by the Declarations of David Brown attached hereto as **Exhibit A** (the "Brown Declaration") and

1

Josephine Ajayi attached hereto as **Exhibit B** (the "Ajayi Declaration") and the exhibits attached thereto.[1] In support of this Motion, Fannie Mae respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding under 11 U.S.C. § 157(b)(2). Venue of this Bankruptcy Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

2. On July 6, 2021 (the "Petition Date"), Vue Mac and Debtor NB Loft Vue DST both filed voluntary petitions for relief under Chapter 11 of Title 11 of the U.S. Code (11 U.S.C. §§ 101 *et seq.*, herein after referred to as the "Bankruptcy Code").

3. On July 20, 2021, this Court entered an Order for joint administration of the Debtors' bankruptcy cases.

4. As of the date of the filing of this Motion, the Debtors are in possession of their property and, pursuant to 11 U.S.C. § 1108, remain in control of their businesses as no trustee has been appointed in this case.

**A.** **Vue Mac Loan Obligations**

5. Berkeley Point Capital, LLC ("Berkeley") made a loan to Vue Mac in the original principal amount of $23,265,000.00 ("Loan") pursuant to that certain Multifamily Loan and Security Agreement dated December 18, 2015 ("Loan Agreement") executed by and between Vue

---

[1] Under 28 U.S.C. § 1746, when any law of the United States or any rule, regulation, order, or requirement made pursuant to law requires a sworn affidavit, an unsworn declaration under penalty of perjury also suffices. Thus, while Rule 4001-1(a)(4) requires an affidavit to support a stay relief motion, the movant requests that the court accept the Ajayi Declaration in lieu of an affidavit, particularly considering the difficulty individuals may have in locating and appearing before a notary during the current pandemic.

Mac and Berkeley. A true and correct copy of the Loan Agreement is attached to the Brown Declaration as **Exhibit A-1** and incorporated herein by reference.

6. The Loan is further evidenced by that certain Multifamily Note dated December 18, 2015 ("Note"), made by Vue Mac payable to Berkeley in the original principal amount of $23,265,000.00. Interest periodically accrued on the outstanding balance of the Loan in accordance with the terms of the Note. A true and correct copy of the Note, duly indorsed to Fannie Mae, is attached to the Brown Declaration as **Exhibit A-2** and incorporated herein by reference.

B. **Vue Mac Collateral**

7. To secure the obligations to Berkeley under the Note, Vue Mac granted to Rebecca S. Conrad ("Trustee"), as trustee for the benefit of Berkeley, all of its interests in real property located at 4460 S. MacGregor Way, Houston, Texas 77021 (the "Property") and other rights associated therewith (the "Real Property Collateral"), as described in that certain Multifamily Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated December 18, 2015 ("Security Instrument"), executed by Vue Mac in favor of Berkeley. The Security Instrument was recorded on December 18, 2015 in the official records of Harris County, Texas as Instrument Number: 20150570034. A true and correct copy of the Security Instrument is attached to the Brown Declaration as **Exhibit A-3** and incorporated herein by reference.

8. Pursuant to the Security Instrument, Vue Mac's obligations were further secured by certain personal property of Vue Mac, including without limitation, Vue Mac's fixtures, equipment, accounts, and other collateral related to the Property (collectively, the "Personal Property Collateral" and together with the Real Property Collateral, collectively, the "Collateral"). The Collateral encompasses all real and personal property related to the Property, including, without limitation, all accounts, contracts, leases, rents, revenues, and profits related to the

Property (collectively, the "Rents"), as well as all property of Vue Mac defined as cash collateral in Bankruptcy Code Section 363(a). Further, Vue Mac assigned its rights in the Leases, Rents, interests and privileges related to the Property to Berkeley.

9. Immediately after the Loan's closing, pursuant to that certain Assignment of Collateral Agreements and Other Loan Documents dated December 18, 2015 ("Assignment of Collateral Agreements") and Assignment of Security Instrument dated December 18, 2015 ("Assignment of Security Instrument" and together with the Assignment of Collateral Agreements, collectively, the "Assignments"), Berkeley assigned all of its rights and interests in the Loan Agreement, Note, Security Instrument and other loan documents to Fannie Mae. The Assignment of Security Instrument was recorded on December 18, 2015 in the official records of Harris County, Texas as Instrument Number: 20150570035. A true and correct copy of the Assignments are attached to the Brown Declaration as **Exhibit A-4** and incorporated herein by reference.

10. For purposes of this Motion, the Loan Agreement, Note, Security Instrument, Assignments and all other documents or agreements evidencing, securing, referring to, or related to the Loan, are referred to herein, collectively, as the "Loan Documents." Vue Mac is indebted to Fannie Mae for all amounts owed under the Loan Documents including, without limitation, payment of principal, interest, late fees, default interest, expenses, attorneys' fees and other costs of collection, servicing fees, and costs of insuring, protecting, and maintaining, or disposing of the Collateral (collectively, the "Obligations").

**B.     Vue Mac Defaults**

11. Beginning with the monthly payment due in April 2020, Vue Mac was unable to make payments due under the Loan Documents. As a result, Vue Mac and Fannie Mae entered into a Forbearance Agreement dated May 5, 2020 and executed May 8, 2020 ("First Forbearance

Agreement") whereby Fannie Mae agreed to forbear from exercising its rights and remedies under the Loan Documents. A true and correct copy of the First Forbearance Agreement is attached to the Brown Declaration as **Exhibit A-5** and incorporated herein by reference.

12. However, after the expiration of the forbearance period under the First Forbearance Agreement, Vue Mac defaulted on the Loan by failing to pay amounts owed under the Loan Documents. By letter dated August 24, 2020 ("Notice of Default"), Fannie Mae, through counsel, notified Vue Mac of the defaults, that all outstanding Obligations were due and immediately payable, and that Fannie Mae may institute foreclosure proceedings on the Property. A true and correct copy of the Notice of Default is attached to the Brown Declaration as **Exhibit A-6** and incorporated herein by reference.

13. Fannie Mae, Vue Mac and the guarantors of the Loan subsequently executed that certain Loan Modification Agreement on November 1, 2020 ("First Modification") whereby Fannie Mae conditionally rescinded acceleration of the Loan and reinstated the original maturity date. A true and correct copy of the First Modification is attached to the Brown Declaration as **Exhibit A-7** and incorporated herein by reference.

14. However, Vue Mac defaulted on the terms of the First Modification, and by letter dated December 4, 2020 ("Post-Modification Notice of Default"), Fannie Mae, through counsel, notified Vue Mac that all outstanding Obligations were due and immediately payable and that Fannie Mae may institute foreclosure proceedings on the Property. A true and correct copy of the Post-Modification Notice of Default is attached to the Brown Declaration as **Exhibit A-8** and incorporated herein by reference.

15. Fannie Mae, Vue Mac and the guarantors of the Loan subsequently executed that certain Forbearance and Second Loan Modification Agreement on January 5, 2021 ("Second

Modification") whereby Fannie Mae conditionally rescinded acceleration of the Loan, reinstated the original maturity date and agreed to forbear from exercising its rights and remedies under the Loan Documents. A true and correct copy of the Second Modification is attached to the Brown Declaration as **Exhibit A-9** and incorporated herein by reference.

16. However, Vue Mac defaulted on the terms of the Second Modification, and by letter dated May 3, 2021 ("Second Post-Modification Notice of Default"), Fannie Mae, through counsel, notified Vue Mac that all outstanding Obligations were due and immediately payable and that Fannie Mae may institute foreclosure proceedings on the Property. A true and correct copy of the Second Post-Modification Notice of Default is attached to the Brown Declaration as **Exhibit A-10** and incorporated herein by reference.

17. Due to Vue Mac's failure to cure its defaults, Fannie Mae instituted foreclosure proceedings for the Property and the foreclosure sale was set to occur on July 6, 2021. However, on that same date, Vue Mac filed its bankruptcy petition to prevent Fannie Mae from foreclosing on the Property.

18. As of the Petition Date, the balance of the Obligations is $28,417,788.56. A true and correct copy of an itemized statement of the Obligations, prepared by Fannie Mae's servicer, Berkeley Point Capital LLC d/b/a Newmark Knight Frank, is attached to the Ajayi Declaration as **Exhibit B-1** and incorporated herein by reference.

19. As of August 4, 2021, the appraised value of the Property (exclusive of cash collateral) is $17,300,000, according to the appraisal attached hereto as **Exhibit C** and incorporated herein by reference. Additionally, based on Vue Mac's Schedule A [Doc. No. 42], attached hereto as **Exhibit D**, the value of Fannie Mae's cash collateral, as of the Petition Date, was $101,402.76. According to Vue Mac's statement of financial affairs [Doc. No. 43], attached

hereto as **Exhibit E**, the Property suffered a significant loss of over $800,000 in February 2021; however, it is unclear whether Vue Mac is diligently pursuing an insurance claim to help repair the damages.

20. Vue Mac has not filed any monthly reporting yet as required under Fed. R. Bankr. P. 2015 and the Guidelines of the U.S. Trustee for Region 7; however, based on the budget provided to the Court in connection with the Debtors' motion to use cash collateral, Vue Mac expects to operate at a net loss for the foreseeable future. A true and correct copy of Vue Mac's cash collateral budget is attached hereto as **Exhibit F**.

## LEGAL ARGUMENT

**A.    Cause Exists to Grant Stay Relief.**

21. Fannie Mae is entitled to relief from the automatic stay in order to foreclose its interest in the Property because its interest in the Property for cause pursuant to 11 U.S.C. § 362(d)(1). Section 362(d)(1) of the Bankruptcy Code states that the Court may terminate the automatic stay contained in Section 362(a) "for cause, including the lack of adequate protection of an interest in property of such party." 11 U.S.C. § 362(d). The Bankruptcy Code does not define "cause," and as the Fifth Circuit Court of Appeals has noted, "this lack of definition affords 'flexibility to the bankruptcy courts.'" *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 253 (5th Cir. 2006) (quoting *Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1079 (5th Cir. 1986)). The party seeking relief from the automatic stay need only establish a factually and legally sufficient basis for relief to shift the burden onto the debtor to demonstrate that it is entitled to have the stay continue. *See* 11 U.S.C. § 362(g); *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 793 F.2d 1380, 1388 (5th Cir. 1986).

22. Cause exists to grant relief from the automatic stay when a creditor's interest in property is not adequately protected. 11 U.S.C. § 362(d)(1); *In re Continental Airlines, Inc.*, 154 B.R. 176, 180 (Bankr. D. Del. 1993). The concept of adequate protection is meant to preserve the secured creditor's position as its collateral depreciates. *In re Planned Systems, Inc.*, 78 B.R. 852, 861 (Bankr. S.D. Ohio 1987); *In re Nixon Machinery, Co.*, 9 B.R. 316, 317 (Bankr. E.D. Tenn. 1981). Valuation and depreciation of the Property as well as Debtor's ability to provide periodic payments are fundamental to the analysis of the preservation of creditor's position: "The delay in paying a creditor for an inordinate length of time has been recognized as a cause for relief." *In re Senior Care Prop.*, 137 B.R. 527, 529-30 (Bankr. N.D. Fla. 1992) (citations omitted). "Unreasonable delay in such instances can be unduly prejudicial to creditors . . . [and] is cause for relief from the stay." *Id*. at 530.

23. Further, "cause" can exist to lift the automatic stay when a debtor cannot propose a feasible chapter 11 plan of reorganization. *See JE Livestock, Inc. v. Wells Fargo Bank, N.A.*, 375 B.R. 892 (10th Cir. B.A.P. 2007) (finding that failure to confirm plan in a reasonable time, among other reasons, was cause for stay relief under § 362(d)(1)); *Centofante v. CBJ Dev. (In re CBJ Dev.)*, 202 B.R. 467, 473 (9th Cir. B.A.P. 1996) ("That a Debtor is unable to propose a feasible plan, may be grounds for relief from the automatic stay for "cause" under § 362(d)(1)."); *In re Sun Valley Newspapers, Inc.*, 171 B.R. 71, 75 n.3 (stating that failure to confirm plan in a reasonable time "would constitute 'cause' under § 362(d)(1)"); *In re Gulph Woods Corp.*, 84 B.R. 961, 974-75 (Bankr. E.D. Pa. 1988) ("The poor prospects for a successful reorganization and performances under the Plan result in our conclusion that cause for relief from the stay exists, pursuant to § 362(d)(1).").

24. Once Fannie Mae makes a prima facie case that cause exists to lift the stay, the burden shifts to Vue Mac to show that Fannie Mae is adequately protected. *Continental Airlines, Inc.*, 154 B.R. at 181. Section 361 of the Bankruptcy Code defines "adequate protection" in the context of a motion for relief from the automatic stay. 11 U.S.C. § 361. Section 361 states that adequate protection may be granted to a creditor by three means: (1) by cash payment or periodic cash payment; (2) by additional or replacement lien; or (3) other arrangements which guarantee the creditor "the indubitable equivalent" of its interest in the collateral. *Id.*

25. Here, cause exists to lift the automatic stay because (i) the Property has, and will continue to, depreciate in value while Vue Mace continues to retain it and (ii) Vue Mac's negative cash flow means that Vue Mac is unable to make monthly adequate protection payments to Fannie Mae or feasibly propose a confirmable chapter 11 plan.

26. According to Vue Mac's schedules filed in this case, the value of the property in 2015 when the Loan was originated was $36.3 million. The Property has therefore depreciated by $19 million in approximately six years. The Property will further depreciate if Vue Mac cannot repair the February 2021 damage disclosed in Vue Mac's statement of financial affairs. Further, based on testimony of Vue Mac's representative at the Section 341 meeting of creditors, the Property's occupancy rate is only approximately 40% and Vue Mac will not attain profitability any time before Fall 2022 (when Vue Mac's new student housing leasing cycle starts).

27. For all of these reasons, Vue Mac will not be able to adequately protect Fannie Mae's interest in the Property and will not be able to propose a confirmable plan. As a result, Fannie Mae is entitled to stay relief under Section 362(d)(1).

**B.    Vue Mac Has No Equity in the Property and Cannot Propose an Effective Plan of Reorganization.**

28. Under 11 U.S.C. § 362(d)(2), relief from the automatic stay is appropriate if (a) the debtor does not have equity in the applicable property, and (b) such property is not necessary to an effective reorganization. Fannie Mae has the burden of proof as to whether Vue Mac have equity in the Property. 11 U.S.C. § 362(g)(1). Fannie Mae has met its burden of proof.

29. In determining whether a debtor has any equity in property, a bankruptcy court considers all liens encumbering the property. *See In re Development, Inc.*, 36 B.R. 998, 1004 (Bankr. D. HI. 1984). If the aggregate amount of the liens exceed the value of the property, then the debtor has no equity in the property. *Id.* The appraised value of the Property is $17,300,000.00, whereas the outstanding balance of all liens against the Property is greater than $28,417,788.56. Accordingly, Vue Mac does not have equity in the Property.

30. Fannie Mae also asserts that the Property is not necessary to an effective reorganization because Vue Mac will not be able to reorganize. In order for property to be necessary for an effective reorganization, the debtor must show that there is "a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n v. Timbers of Inwood Forest Assoc. Ltd.*, 484 U.S. 365, 376 (1988) (citations omitted). "[T]he 'effective reorganization' requirement enunciated by the Supreme Court . . . requires a showing by a debtor . . . that a proposed or contemplated plan is not patently unconfirmable and has a realistic chance of being confirmed." *John Hancock Mut. Life Ins. v. Route 37 Bus. Park Assoc.*, 987 F.2d 154, 157 (3d Cir. 1993). Courts therefore require the debtor to do more than manifest unsubstantiated hopes for a successful reorganization. *In re Canal Place Ltd. P'ship*, 921 F.2d 569, 577 (5th Cir. 1991).

31. Here, as noted above, Vue Mac's budget demonstrates a negative cash flow for the foreseeable future. With no equity in the Property and the unlikelihood of operating with a positive

cash flow any time soon, all of the evidence indicates that Vue Mac will not be able to propose a confirmable plan. Vue Mac does not have the revenue to propose a reorganization that pays creditors over time, nor does it have sufficient equity in the Property such that a refinance or sale is likely.

32. Further, even assuming Vue Mac could propose a feasible chapter 11 plan, the plan could not be confirmed over Fannie Mae's objection. "A plan may not be confirmed unless either (1) it is approved by two-thirds in amount and more than one-half in number of each 'impaired' class, 11 U.S.C. §§ 1126(c), 1129(a)(8); or (2) at least one impaired class approves the plan, § 1129(a)(10), and the debtor fulfills the cramdown requirements of § 1129(b) to enable confirmation notwithstanding the plan's rejection by one or more impaired classes." *Matter of Greystone III Joint Venture*, 995 F.2d 1274, 1277 (5th Cir. 1991), *modified on reh'g* (Feb. 27, 1992). Importantly, a debtor cannot classify similar claims differently in order to gerrymander an affirmative vote on a reorganization plan. *Id.* at 1279.

33. As noted above, Fannie Mae has a substantial unsecured deficiency claim exceeding $11 million. This claim is far greater than the aggregate total of other unsecured claims identified on Vue Mac's Schedules E and F. Furthermore, there is not a basis for classifying the other unsecured claims differently from Fannie Mae's claim, and under *Matter of Greystone III Joint Venture*, Vue Mac is precluded from manipulating the claims into separate classes. Thus, Vue Mac would need Fannie Mae's approval to confirm any plan. Because Fannie Mae does not support Vue Mac's reorganization, any proposed plan cannot be confirmed. Accordingly, Fannie Mae has satisfied the second prong of Section 362(d)(2) and is therefore entitled to stay relief.

**C.     Vue Mac Cannot Satisfy the SARE Requirements of Section 362(d)(3).**

34. For single asset real estate ("SARE") debtors, under Section 362(d)(3), the court shall grant relief from a stay with respect to an act against the real estate to a creditor whose claim is secured by an interest in such real estate, unless within 90 days after the petition date, the debtor has either "filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time" or commenced making monthly payments to the secured lender in an amount equal to the contract rate of interest on the secured portion of the secured lender's claim. 11 U.S.C. § 362(d)(3).

35. According to its bankruptcy petition, Vue Mac qualifies as a SARE debtor, and the Property is its only asset. Vue Mac's budget demonstrates its business currently has, and will continue to have, negative cash flow for the foreseeable future; in fact, at the Section 341 Meeting of Creditors, Vue Mac's representative admitted Vue Mac will not be able to generate significantly positive cash flow until at least the fall of 2022. Accordingly, Vue Mac cannot hope to commence interest payments to Fannie Mae before that time. Thus, Fannie Mae is entitled to relief from the stay under Section 362(d)(3) unless Vue Mac can file a plan that has a reasonable possibility of being confirmed or could commence monthly payments. However, as discussed in Section B above, Vue Mac cannot propose such a plan over Fannie Mae's objection. Therefore, Fannie Mae is also entitled to stay relief under Section 362(d)(3).

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Fannie Mae respectfully requests that this Court enter an Order lifting, terminating, annulling, or modifying the automatic stay imposed by Section 362(a) of the Bankruptcy Code, to permit Fannie Mae to take any and all actions permitted under the Loan Documents and applicable state law to take possession of, and to preserve, protect, and foreclose its liens and interests in the Property and the Rents, with any such Order granting

relief from the automatic stay expressly waiving the fourteen day stay of order that is otherwise provided for by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. Fannie Mae also respectfully requests all such other, different, and further relief as to which it may be entitled.

Dated: September 13, 2021                Respectfully submitted,

          **BAKER, DONELSON, BEARMAN,**
          **CALDWELL & BERKOWITZ**
          A Professional Corporation

          By:   */s/ Daniel J. Ferretti*
                Daniel J. Ferretti
                State Bar No. 24096066
                Austin K. Wingerson
                State Bar No. 24121208
                1301 McKinney St., Suite 3700
                Houston, Texas 77010
                Telephone: (713) 650-9700
                Facsimile: (713) 650-9701
                dferretti@bakerdonelson.com

          **ATTORNEYS FOR FANNIE MAE**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on September 13, 2021, I conferred with Thomas Fawkes, counsel for the Debtors, with respect to this Motion. The parties did not reach an agreement on the relief requested in the Motion, and the Debtors intend to oppose it.

          By:   */s/ Daniel J. Ferretti*
                Daniel J. Ferretti

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 13, 2021, a true and correct copy of the foregoing was served via the Court's ECF system on those parties registered to receive ECF notices by the Court, and on the parties listed below by the means indicated below.

/s/ *Daniel J. Ferretti*
DANIEL J. FERRETTI

| **Debtor** | |
| --- | --- |
| NB Vue Mac DST<br>180 Avenida La Pata, 2nd Floor<br>San Clemente, CA 92673 | *Via First Class Mail* |
| **Debtor's Counsel** | |
| Thomas R. Fawkes<br>Tucker Ellis LLP<br>233 South Wacker Drive, Suite 6950<br>Chicago, IL  60606 | *Via First Class Mail* |
| Thomas Daniel Berghman<br>Munsch Hardt Kopf and Harr<br>500 North Akard Street<br>Suite 3800<br>Dallas, TX 75201 | *Via ECF Notice*<br>tberghman@munsch.com |
| **US Trustee** | |
| c/o Stephen Douglas Statham<br>515 Rusk Street, Suite 3516<br>Houston, TX 77002 | *Via ECF Notice*<br>stephen.statham@usdoj.gov<br>alicia.barcomb@usdoj.gov<br>andrew.jimenez@usdoj.gov<br>aubrey.thomas@usdoj.gov |
| **Other Parties Asserting an Interest in the Property** | |
| Harris County et al.<br>c/o John P. Dillman<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 3064<br>Houston, Texas 77253 | *Via ECF Notice*<br>houston_bankruptcy@publicans.com |
| Greater Southeast Management District<br>c/o Melissa E Valdez<br>Perdue Brandon Fielder Collins & Mott LLP<br>1235 North Loop W Ste 600<br>Houston, Texas 77008 | *Via ECF Notice*<br>mvaldez@pbfcm.com<br>osonik@pbfcm.com<br>tpope@pbfcm.com<br>mvaldez@ecf.courtdrive.com |

| **20 Largest Creditors** | *All Via First Class Mail* |
|---|---|
| Apartments.com<br>2563 COLLECTION CENTER DR<br>Chicago, IL 60693 | CBG Multifamily<br>PO Box 660282<br>Dallas, TX 75266 |
| Blue Pine Construction Corp<br>4857 W 147TH ST STE D<br>Hawthorne, CA 90250-6735 | Century Fire Protection Houston Inc<br>PO BOX 419<br>Pinehurst, TX 77362-0419 |
| Conservice, LLC<br>PO Box 4696<br>Logan, UT 84323-4696 | Digital Ignite LLC<br>1049 MORRISON DR STE 201<br>Charleston, SC 29403-3875 |
| Grid<br>5526 RIDGEDALE AVE<br>Dallas, TX 75206-6014 | HD Supply Facilities Maintenance<br>PO Box 509058<br>San Diego, CA 92150 |
| Inside Out Construction<br>PO Box 840246<br>Houston, TX 77084 | Kirton McConkie<br>PO BOX 45120<br>Salt Lake City, UT 84145-0120 |
| Landscapes USA<br>11849 Rim Rock Trail<br>Austin, TX 78737 | O'Connor & Associates<br>2200 NORTH LOOP W STE 200<br>Houston, TX 77018 |
| Property Doctor Services LLC<br>PO BOX 184<br>Houston, TX 77001-0184 | Reliable Fire Protection<br>6319 TULSA RD<br>Houston, TX 77092-6315 |
| Ryan, LLC<br>PO Box 848351<br>Dallas, TX 75284-8351 | Single Digits, Inc.<br>4 Bedford Farms Suite 210<br>Bedford, NH 03110 |
| The Electrical Doctor Home Services<br>1601 Preston Rd<br>Pasadena, TX 77503 | Waste Management<br>4897 Alpha Dr Suite 150<br>Wixom, MI 48393 |
| WE Security Inc.<br>2470 S DAIRY ASHFORD RD # 103<br>Houston, TX 77077-5716 | |