IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 21-32292 |
| | § | |
| **NB LOFT VUE DST**, *et al.* | § | Chapter 11 |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

## EMERGENCY MOTION TO EXCLUDE DEBTORS' EXPERT'S REPORTS, EXPERT TESTIMONY, DEBTORS' EXHIBITS AND WITNESS TESTIMONY

Fannie Mae, a creditor and party-in-interest, by and through undersigned counsel, file this Motion to Exclude ("Motion"), seeking to exclude introduction of Debtors' expert reports, any expert witness testimony as evidence of value, and the introduction of Debtors' other exhibits and witness testimony in their entirety. In support of its Motion, Fannie respectfully states as follows:

### I.  SUMMARY OF THE ARGUMENT

1. Fannie Mae has requested emergency relief on this Motion because Fannie Mae seeks an order to exclude evidentiary matters in advance of the hearing on Fannie Mae's stay relief motions, which is currently scheduled for October 28, 2021.

2. As agreed by the parties and pursuant to the Court's Scheduling Order (as defined herein), the Debtors' were required to submit their expert reports for their designated expert, Steve Lewis of CBRE, by October 18, 2021. The Debtors failed to meet this deadline by more than a week. As of the filing of this Motion, the Debtors still have still not provided Mr. Lewis' appraisal reports. Thus, Debtors' expert reports and expert witness testimony should be excluded. Additionally, pursuant to the Local Rules of this Court, the Debtors were required to provide Fannie Mae with their exhibits for the Final Hearing by Tuesday at noon. However, the Debtors

1

failed to do so. Therefore, in accordance with the Bankruptcy Local Rules, the Debtors exhibits and witness testimony should also be excluded.

## II.   FACTS

3. On July 6, 2021 (the "Petition Date"), Debtor NB Vue Mac DST ("Vue Mac") and Debtor NB Loft Vue DST ("Loft Vue" and together with Vue Mac, the "Debtors") both filed voluntary petitions for relief under Chapter 11 of Title 11 of the U.S. Code (11 U.S.C. §§ 101 *et seq.*, herein after referred to as the "Bankruptcy Code").

4. On July 20, 2021, this Court entered an Order (Doc. No. 17) for joint administration of the Debtors' bankruptcy cases.

5. As of the date of the filing of this Objection, the Debtors are in possession of their properties and, pursuant to 11 U.S.C. § 1108, remain in control of their businesses as no Trustee has been appointed in this case.

6. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding under 11 U.S.C. § 157(b)(2). Venue of this Bankruptcy Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. On September 13, 2021, Fannie Mae filed its *Motion for Stay Relief from the Automatic Stay as to Property of Debtor NB Vue Mac DST* (Doc. No 89) and its *Motion for Stay Relief from the Automatic Stay as to Property of Debtor NB Loft Vue DST* (Doc. No. 90) (collectively the "Stay Relief Motions").

8. The details of the indebtedness the Debtors owe Fannie Mae and Fannie Mae's liens and security interests are more particularly described in the Stay Relief Motions, and Fannie Mae incorporates the Stay Relief Motions and all exhibits filed with the Stay Relief Motions into this

Motion. Capitalized terms used in this Motion, when not otherwise defined herein, have the meanings assigned to such terms in the Stay Relief Motions.

9. The Debtors filed their responses to the Stay Relief Motions on October 1, 2021 (Doc. Nos. 103 and 104).

10. On October 5, as agreed upon by Fannie Mae and the Debtors, the Court issued its Stipulation and Agreed Order (Doc. No. 110) (the "Scheduling Order") establishing certain discovery deadlines and setting the final evidentiary hearing on the Stay Relief Motions (the "Final Hearing") for October 28, 2021 at 10:00 a.m.

11. The Local Rules of this Court required Debtors to provide Fannie Mae with any exhibits the Debtors intended to use at the Final Hearing by October 26, 2021 at noon; however, the Debtors did not file an exhibit and witness list until approximately 4:30 p.m. on October 26, 2021. In their witness list, the Debtors identify Steve Lewis of CBRE as an appraiser, presumably designating him as an expert witness.

12. The Scheduling Order required the Debtors to submit their expert reports by October 18, 2021, but as of the filing of this Motion, the Debtors have not provided Fannie Mae with any appraisals prepared by Mr. Lewis.

### III.   ARGUMENT

**A.   *Debtors' appraisals and expert testimony should be excluded as untimely.***

13. Rule 9013-2(g) of the Bankruptcy Local Rules for the Southern District of Texas provides that a party must disclose the identity of any testifying expert and include, with the identification, the expert's report not later than the "Day of Exchange," which for the Final Hearing on the Stay Relief Motions was Tuesday, October 26, 2021 at noon.

3

14. If a party fails to timely disclose the expert or the expert's report, the party is not allowed to use that information or witness to supply evidence on a motion or at a hearing, unless the failure was substantially justified or is harmless.[1] "Generally, expert witness designations must be provided by the deadlines set out in the scheduling order, and tardy designations will result in the striking of any evidence submitted by that expert."[2] Similarly, Bankruptcy Local Rule 9013-2(k) provides, "The failure to timely comply with this rule may be grounds for the denial of the admission of any or all exhibits and the exclusion of witness testimony."

15. According to the Scheduling Order, the deadline for Debtors to submit their expert reports (appraisals) was October 18, 2021. As of the filing of this Motion, the Debtors have failed to provide Mr. Lewis' appraisal reports. The Debtors have also failed to comply with the deadlines for expert reports in the Bankruptcy Local Rules.

16. The Debtors' failure to provide its appraisal reports to Fannie Mae in a timely manner significantly prejudices Fannie Mae because valuation is such an important component in the Stay Relief Motions. The Debtors have had well over two months to review and critique the appraisal reports of Fannie Mae's expert, Mark Elledge with Colliers. By contrast, if the Debtors do deliver appraisal reports to Fannie Mae, Fannie Mae will have twenty-four hours – *or less* – to review and prepare to cross examine Mr. Lewis.

17. Thus, the expert reports and expert testimony should be excluded from evidence at the Final Hearing.

**B.**     ***Debtors' exhibits and witness testimony should be excluded as untimely.***

---

[1] Fed. R. Civ. P. 37(c)(1).
[2] *Serna v. Law Office of Joseph Onwuteaka, PC*, No. 4:11-CV-3034, 2014 WL 3749652, at *2 (S.D. Tex. July 29, 2014).

18. Under Local Rule 9013-2(b), exhibits that will be used at a hearing are to be exchanged by noon on the "Day of Exchange in accordance with Table 1." When a hearing is on a Thursday, the Day of Exchange is the previous Tuesday.[3] Pursuant to 9013-2(k), a party's failure to timely comply with this deadline is grounds for the exclusion of any or all exhibits and witness testimony.[4]

19. Here, not only did the Debtors fail to timely provide their expert reports by October 18, 2021 in accordance with the Scheduling Order, but they also failed to timely provide their exhibits or witness list by the deadline established by Local Rule 9013-2. The Debtors' failure to timely file and provide their exhibits and witnesses leaves Fannie Mae without adequate time to review the Debtors' exhibits and witness list and prepare accordingly. Thus, Debtors' exhibits and witness testimony should be excluded in their entirety.[5]

## PRAYER

Wherefore, Fannie Mae respectfully requests this Court enter an Order: (1) precluding any valuation testimony by Steve Lewis of CBRE, (2) excluding introduction of any reports by Mr. Lewis or CBRE as evidence or an opinion of value, (3) excluding Debtors' other exhibits and witness testimony in their entirety, and (4) granting such other relief as is necessary and just.

Dated: October 27, 2021

---

[3] *See* Local Rule 9013-2(m).
[4] Local Rule 9013-2(k).
[5] To the extent of any overlap between the witnesses in Fannie Mae's witness list and the Debtors' witness list, Fannie Mae does not object to the Debtors cross examination of such witnesses.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**
A Professional Corporation

By:  /s/ Daniel J. Ferretti
     Daniel J. Ferretti
     State Bar No. 24096066
     Austin K. Wingerson
     State Bar No. 24121208
     1301 McKinney St., Suite 3700
     Houston, Texas 77010
     Telephone: (713) 650-9700
     Facsimile: (713) 650-9701
     dferretti@bakerdonelson.com

**ATTORNEYS FOR FANNIE MAE**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 27, 2021, a true and correct copy of the foregoing was served via the Court's ECF system on those parties registered to receive ECF notices by the Court.

/s/ Daniel J. Ferretti

DANIEL J. FERRETTI